Gregory K. Zeuthen
210 S.W. Morrison Suite 400
Portland, OR 97204
(503)227-7257
(503)228-1556 FAX
gkz@zlawoffice.com (email)
OSB No.843961
Attorney for Plaintiff

Dan R. Hyatt
Hyatt Disability Law, P.C.
2106 4th St. Suite A
Tillamook, OR 97141
(360-609-0854)
(503)842-7065) FAX
Hizonr08@aol.com (e-mail)
OSB Bar no. 782524
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ALLEN P. TOWNE, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> ) <br> Defendant. ) <br> ) | No. |

**COMPLAINT**

Plaintiff, Allen P. Towne, alleges as follows:

1. This is an action for damages in excess of $75,000.00, exclusive of interest and costs.

2. The United States of America (hereinafter "defendant") is the Defendant in this action pursuant to the Federal Tort Claims Act, <u>28 U.S.C. sec 1346(b) and sec 2671</u>, *et seq*.

3. This Court has jurisdiction over this cause of action and venue properly lies in the Eugene Division because all acts and circumstances giving rise to this cause of action occurred in Lane County, Oregon, and Plaintiff resides in Lane County, Oregon.

4. At all times material, Judith Sabah, M.D., was a physician employed by Defendant acting within the course and scope of her employment with Defendant, as were her assistants and all other employees of the Veteran's Administration Clinic in Eugene, Oregon.

5. At all times material, the Veteran's Administration Clinic in Eugene, Oregon was owned and operated by Defendant, United States of America.

6. On or about September 5, 2020, completed administrative tort claim forms provided by Defendant were filed with the Department of Veteran's Affairs-Office of General Counsel, Torts Branch, on behalf of Plaintiff, Allen P. Towne.

7. On January 28, 2021, Defendant denied Plaintiff's tort claim and all conditions precedent to the filing of this Complaint have occurred or been waived.

8. Plaintiff has exhausted his administrative remedies, and this matter is ripe for adjudication.

## FACTUAL ALLEGATIONS

9. On or about September 19, 2018, Plaintiff presented to the Veteran's Administration Clinic in Eugene, Oregon for right eye cataract surgery, consisting of phacoemulsification with posterior chamber intraocular lens placement by Dr. Sabah.

10. After cataract removal, Dr. Sabah placed an intraocular lens ("IOL") into the posterior chamber.

11. After removal of the cataract and placement of the IOL, Dr. Sabah was attempting to perform a "washout" by syringe. Prior to use of the washout syringe, Dr. Sabah failed to remove the plastic cannula covering the injector trocar.

12. As a result of Dr. Sabah's failure as described, the cannula was forcibly injected through the posterior capsule into vitreous chamber of Plaintiff's right eye, causing damage as hereinafter described.

13. Believing the IOL to be damaged, Dr. Sabah thereafter removed the IOL and performed an anterior vitrectomy.  Thereafter, Dr. Sabah attempted to place a second IOL, unsuccessfully, tearing the posterior capsule and injuring the vitreous further. The second lens was removed.  Dr. Sabah then performed an additional anterior vitrectomy causing even more damage to plaintiff's eye and its structures. Plaintiff was left aphakic and the procedure was terminated.

14. Subsequently, Plaintiff was required to undergo additional surgeries on September

26, 2019, October 19, 2019, March 6, 2019, March 22, 2019, and May 29, 2019 in an effort to restore vision in his right eye.

15. Plaintiff has suffered and continues to suffer pain, vision loss, loss of depth perception, blood clots, dizziness, loss of acuity and his activities have been significantly reduced as a further consequence.

## ALLEGATIONS OF NEGLIGENCE

16. At all times material, Defendant's agents and employees, Including Dr. Sabah, had a duty to provide that degree of care and skill exercised by a reasonable and prudent health care provider in the same or similar circumstances during their treatment of Plaintiff, Allen P. Towne.

17. Defendant, by and through its employees and agents, including Dr. Sabah, breached the standard of care and were negligent in the following particulars:

    a. By failing to remove the cannula from the washout injector prior to attempting washout of Plaintiff's eye;

    b. By removing the Intraocular Lens that had been placed during surgery, where removal was not only unnecessary, but caused more damage to Plaintiff's eye; and

    c. By unsuccessfully attempting to place a second intraocular lens, causing more damage to the eye and its structures.

18. As a direct and proximate result of the negligence of Defendant's employees and Agents as stated above, Plaintiff Allen P. Towne suffered serious, permanent and disabling injuries, physical and emotional pain and suffering, and pecuniary loss.

WHEREFOR, Plaintiff Allen P. Towne demands judgment against Defendant United States of America in the amount $400,000.00, plus his costs and disbursements incurred herein.

DATED this 9th day of January 2021.

_____
BY:
Gregory K. Zeuthen
210 S.W. Morrison St. Suite 400
Portland, OR 97204
(503) 227-7257
(503) 228-1556 (FAX)
gkz@zlawoffice.com
Bar No. 843961
Attorney for Plaintiff



 /s/ Dan R. Hyatt
_____
Dan R. Hyatt
Hyatt Disability Law, P.C.
2106 4th St-Suite A
Tillamook, OR 97141
(360) 609-0854
(503) 842-7065 (FAX)
Hizonr08@aol.com
Bar No 782524
Attorney for Plaintiff